UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22357-CIV-MORENO

GVB MD *d/b/a* MIAMI BACK
AND NECK SPECIALISTS,

        Plaintiff,

vs.

AETNA HEALTH INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## AETNA'S MOTIONS TO STRIKE AND MOTION TO DISMISS

Earlier in this insurance benefit dispute, the Court granted Defendant Aetna Health Inc.'s motion to dismiss the initial complaint and then granted leave to Plaintiff GVB MD *d/b/a* Miami Back to amend its allegations. Miami Back subsequently filed its Amended Complaint and Aetna responded with the underlying Motions to Strike and Motion to Dismiss Count II **(D.E. 24)**. In its Motions, Aetna asks the Court for four forms of relief: (1) to strike Miami Back's Amended Complaint in full for violating the parties' Stipulated Confidentiality Order and HIPAA-Qualified Protective Order, or alternatively sealing or redacting certain confidential business and non-party patient health information; (2) to strike Miami Back's demand for a jury trial; (3) to dismiss, again for lack of particularity, Miami Back's claim for declaratory judgment; and (4) to award Aetna costs and attorneys' fees incurred for bringing its Motions.

THE COURT has considered the Motions, the Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motions are **GRANTED IN PART AND DENIED IN PART**.

## I. DISCUSSION

The Court will first resolve Aetna's Motions to Strike, then address Aetna's Motion to Dismiss, and finally, deal with Aetna's request for costs and attorneys' fees.

### A. MOTIONS TO STRIKE

#### 1. Public Disclosure of Confidential Information

The power to strike a pleading is "inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962)). Aetna asks the Court to strike the Amended Complaint in full because it makes publicly available several pieces of "Confidential Information" or "Confidential Health Information," as those terms are defined in the Stipulated Confidentiality Order and the HIPAA-Qualified Protective Order.[1]

Aetna's first argument is that Exhibit A to the Amended Complaint violates the parties' HIPAA-Qualified Protective Order because Exhibit A includes confidential and protected health information of multiple non-party patients, such as those patients' initials, their employer, their dates of service, and their health plan beneficiary numbers (*i.e.* "Member ID"). Aetna contends

---

[1] The parties' Stipulated Confidentiality Order defines "Confidential Information" as information "produced or furnished by a Party . . . in response to any Party's discovery request . . . [that] the producing Party reasonably believes in good faith to constitute or contain confidential or proprietary technical, scientific, financial, business, health, or medication information." (D.E. 21 at ¶ 2(a).) The parties' Stipulated Confidentiality Order then defines "Confidential Health Information" as a "subset" of Confidential Information that includes, among other categories, information that "identifies an individual or subscriber in any manner, or with respect to which there is a reasonable basis to believe the information can be used to identify the individual." *Id.* at ¶ 2(b). This includes "any patient health information required to be kept confidential under any state or federal law, including but not limited to regulations promulgated pursuant to HIPAA." *Id.* Relevant here, this can include: "health plan beneficiary numbers"; "account numbers"; and "any other unique identifying number, characteristic, or code." *See id.* at ¶ 2(b)(ix)–(x), (xviii). The parties' HIPAA-Qualified Protective Order defines "Protected Health Information" similarly. (*See* D.E. 22 at ¶ 2(d).)

that publicly disclosing this information violates Section 6 of both stipulated orders, which provide that protected health information "shall not be contained, referenced within, or attached to a pleading, motion, exhibit, or other paper submitted to the Court, unless the paper is redacted to exclude any personally identifying information or the Court enters an Order authorizing the filing of the entire document under seal." (*See* D.E. 21 ¶ 6; D.E. 22 at ¶ 6.)

Aetna's second argument is that Paragraph 29 of the Amended Complaint includes several images spanning four pages that show the terms of Aetna benefit plans issued to the employers of the non-party patients. Aetna asserts that it designated this information confidential and maintains that by publicly disclosing this information, Miami Back violates Section 6 of the Stipulated Confidentiality Order, which provides that documents and papers "filed with the Court that contain any other Party's Confidential Information shall be filed under seal" in accordance with the Local Rules. (*See* D.E. 21 at ¶ 6.) For these violations, Aetna asks the Court to either strike the Amended Complaint in full and allow Miami Back to file an amended complaint that complies with the Stipulated Confidentiality Order and the HIPAA-Qualified Protective Order, or alternatively to order the Clerk of Court to seal or redact the confidential information.

Miami Back's Opposition does not appear to dispute that the non-party patients' health information or the terms of Aetna's benefit plans are "confidential" as defined by the Stipulated Confidentiality Order or the HIPAA-Qualified Protective Order. Instead, Miami Back maintains that the unredacted health information disclosed in Exhibit A complies with HIPAA regulations, and then Miami Back argues that it is under the "belief" that the Court determined it "necessary" for Miami Back to "show the portion of the ERISA plans that pertained to the intended benefits and who the beneficiaries under the plans were." (D.E. 25 at 4–5.)

The Court appreciates Miami Back's effort to comply with HIPAA regulations and the Court's previous order. But this effort has resulted in two errors.

First, Miami Back reads requirements that do not exist into the Court's previous order. The problem with Miami Back's initial complaint was that its breach of contract allegations failed to make clear whether the health insurance plans at issue were ERISA or non-ERISA plans, and thus the Court could not determine whether the breach of contract claim under Florida law was preempted by ERISA. *See GVB MD v. Aetna Health Inc.*, Case No. 19-22357, 2019 WL 6130825, at *2–5 (S.D. Fla. Nov. 19, 2019). The Court explained that, as alleged, it was "possible that all of Miami Back's insurance claims 'relate[d] to' ERISA plans, thus defensively preempting the breach of contract claim; but it [was] equally possible that all of Miami Back's insurance claims concern[ed] non-ERISA plans, paving the way for state law claims to proceed." *Id.* at *4. The Court readily understood that the pleading deficiencies likely "stem[med] from Aetna being 'in sole possession of' the applicable health insurance plans." *Id.* at *5. And so the Court instructed Miami Back to use "initial discovery" to determine whether or not the applicable insurance plans were ERISA based. *Id.*

"Looking forward," the Court explained, "simply stat[ing] that all insurance plans subject to this litigation are 'group health insurance policies [that] constitute employee welfare plans as defined by The Employee Retirement Security Act'" would not survive dismissal because "[s]uch conclusive allegations are not sufficient to pass the pleading notice requirements under *Twombly*." *Id.* at *5 (quoting *In re Managed Care Litig.*, Master File No. 00-1334-MD, Tag-Along Case No. 08–20005-CIV, 2009 WL 742678, at *3 (S.D. Fla. Mar. 20, 2009)). Then came the critical part of the Court's order:

> Without *describing* an ERISA plan, Defendants cannot reasonably ascertain *what the intended benefits were or who [were] the proper beneficiaries* under a given

plan. Although the allegations in the Complaint *do not need to describe a given plan in detail*, such as to identify each plan's policy number, the allegations must be *sufficient to raise the existence of an ERISA plan above speculative level*. As such, failure to identify the controlling ERISA plans makes the Complaint unclear and ambiguous."

*Id.* (emphases added) (quoting *In re Managed Care Litig.*, 2009 WL 742678, at *3); *see also id.* at n.5 (collecting similar rulings). Because the initial complaint did not identify any ERISA or non-ERISA plans, the Court concluded that Miami Back failed to plausibly allege breach of contract under Florida law. *Id.*

In short, all the Court ruled was that Miami Back would have to sufficiently *describe* the applicable health insurance plans and who the intended beneficiaries were; the Court did not, however, find it "necessary" to "show the portion of the ERISA plans that pertained to the intended benefits and who the beneficiaries under the plans were." (D.E. 25 at 4.)

The second error is that Miami Back failed to comply with the terms of the parties' Stipulated Confidentiality Order and the HIPAA-Qualified Protective Order. *See supra* at 2–3 & n.1. Miami Back must honor the terms of these agreements with Aetna[2]—regardless of whether Miami Back believes that the plan documents are not actually confidential (*see* D.E. 25 at 4), as Aetna designated them as such and Miami Back never challenged the designation; and even though Miami Back believes that the unredacted information of the non-party patients in Exhibit A is "necessary" to put Aetna on notice of each claim, *id.* at 5.

In bringing this dispute to resolution, the Court finds it important that Miami Back is open to "fashioning some remedy which preserves the confidentiality of the information at issue." *Id.* Equipped with flexibility and clarification on the Court's previous order, the Court is confident

---

[2] Although the Court granted the parties' Joint Motions for entry of these orders, the terms were chosen by the parties.

that Miami Back can reach an amicable agreement with Aetna on the information that can be publicly disclosed in the First Amended Complaint,[3] while also satisfying Rule 8.[4]

The Court agrees with Miami Back that it is not appropriate to grant Aetna's proposed alternative relief—to leave the sealing or redaction of confidential information to the Clerk of Court. The correct resolution is to strike the Amended Complaint and allow Miami Back to file a First Amended Complaint. Accordingly, Aetna's Motion to Strike the Amended Complaint in full is **GRANTED**; the Amended Complaint is thus **STRICKEN**. Miami Back is, however, granted leave to file a First Amended Complaint, which it must do **no later than Monday, May 4, 2020**.

Before addressing the remaining issues, the Court notes that this ruling is not "draconian," as Miami Back suggests. This ruling does not come with the negative stigma that sometimes clouds over stricken pleadings. Rather, striking the Amended Complaint in full is the most effective and efficient way to steer this litigation in the right direction so that Miami Back can satisfy its pleading requirements under Rule 8, and also comply with the terms of the Stipulated Confidentiality Order and the HIPAA-Qualified Protective Order.

---

[3] The Court is also confident that Miami Back will not interpret this Order as an invitation to avoid the hard work and careful thought required to amend allegations to meet Rule 8 pleading requirements, in favor of seeking leave from the Court to file under seal its First Amended Complaint or its exhibit(s).

To be clear, this Court does not rubber-stamp motions for leave to file under seal. It holds in high regard the "[t]he common-law right of access to judicial proceedings, [which is] an essential component of our system of justice, [and] is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)).

[4] It is clear to the Court that Aetna is on notice of the claims against it—so much so that Aetna now wants Miami Back to limit public disclosure of information that "identif[ies] the Plans . . . [and] specif[ies] the terms" pursuant to which Miami Back seeks payment. (*See* D.E. 7 at 6 n.4.) It is safe to say, then, that Miami Back resolved Aetna's previous objection.

## 2. Jury Demand

Next, Aetna asks the Court to strike Miami Back's jury demand because a claim for breach of contract under an ERISA plan must be tried by the Court. In view of the Amended Complaint being stricken and Miami Back agreeing to withdraw its jury demand (*see* D.E. 25 at 6), the Motion to Strike the jury demand is **DENIED AS MOOT**.

## B. MOTION TO DISMISS COUNT II (DECLARATORY JUDGMENT)

Although Miami Back will file a First Amended Complaint to comply with the parties' agreed-to Confidentiality Order and HIPAA-Qualified Protective Order, the Court will briefly address Aetna's argument, raised for the second time in this case, that Miami Back's claim for declaratory judgment should be dismissed as seeking a declaration of rights that lacks particularity.

Previously, the Court dismissed with leave to amend Miami Back's claim for declaratory judgment because, as alleged, the claim did not "request any specific declarations as to any specific rights or obligations implicated by the 'actual, live controversy.'" *GVB MD*, 2019 WL 6130825, at *11. Rather, the initial complaint left the Court "to infer what declarations [were] sought by Miami Back." *Id.* The Court explained that, as alleged, Miami Back asked for a declaration to resolve its doubt "as to its rights to receive benefits under numerous insurance plans, each of which likely ha[d] different terms and conditions of coverage, concerning services provided to different patients with different diagnoses." *Id.* The Court explained that "[t]o account for these variations, a declaration of rights would require a case-by-case assessment." *Id.* Accordingly, the Court dismissed the claim for declaratory judgment for lack of particularity.

In its Motion here, Aetna argues over several pages that the declaratory judgment claim alleged in Count II of the Amended Complaint fails again because, as alleged, the claim still: (1) is not sufficiently particular as to what declarations the Court is being asked to make; (2) that

fact-intensive determinations as to medical necessity and reasonable pricing are not appropriate for "across the board" declarations; and (3) that Miami Back cannot seek declarations as to past medical claims. (*See* D.E. 24 at 6–11.)

Here, Miami Back's response (totaling less than one page) fails to adequately respond to Aetna's arguments[5]; Miami Back also fails entirely to address this Court's prior ruling. (*See* D.E. 25 at 6.) In filing its First Amended Complaint, Miami Back should consider Aetna's arguments and is reminded that "[t]o survive dismissal, the Complaint must at minimum seek declarations with some level of specificity." *GVB MD*, 2019 WL 6130825, at *11. Because the Amended Complaint is already stricken, Aetna's Motion to Dismiss is **DENIED AS MOOT**.

### C. REQUEST FOR COSTS AND ATTORNEYS' FEES

Finally, Aetna asks the Court to award it costs and attorneys' fees incurred in bringing the underlying Motions. To assess fees under its inherent authority, the Court must find that a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisenberg Dev. Corp. v. City of Miami Beach*, 95 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)). "The key to unlocking a court's inherent power is a finding of bad faith," which is shown where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citations omitted).

Here, although Miami Back may have read too far into the Court's previous order, the

---

[5] A party who aspires to oppose a motion "must spell out his arguments squarely and distinctly, or else forever hold his peace." *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1358 n.4 (S.D. Fla. 2017) (quoting *Siegmund v. Xuelian*, Case No. 12-62539, 2016 WL 3186004, at *3 (S.D. Fla. June 8, 2016)). And failing to respond to an argument in a motion to dismiss is equal to conceding that argument. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017).

Court believes Miami Back made a good-faith effort to meet its pleading requirements and to comply with the Stipulated Confidentiality Order and HIPAA-Qualified Protective Order. Therefore, the Court does not find that Miami Back acted in bad faith. Aetna's request for costs and attorneys' fees is accordingly **DENIED**.

## II. CONCLUSION

For these reasons, it is

**ADJUDGED** that Aetna's Motions to Strike and Motion to Dismiss Count II **(D.E. 24)** is **GRANTED IN PART AND DENIED IN PART** as follows:

- **(1)** The Motion to Strike the Amended Complaint in full is **GRANTED**. The Amended Complaint is **STRICKEN**, but Miami Back is granted leave to file a First Amended Complaint, which it must do **no later than Monday, May 4, 2020**;

- **(2)** The Motion to Strike the Jury Demand is **DENIED AS MOOT** as Miami Back agrees to withdraw its jury demand;

- **(3)** The Motion to Dismiss Count II is **DENIED AS MOOT** as Miami Back's Amended Complaint is stricken; and

- **(4)** The request for costs and attorneys' fees is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of April 2020.

*[signature: Federico A. Moreno]*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record