UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 19-22357-CIV-MORENO

GVB MD *d/b/a* MIAMI BACK
AND NECK SPECIALISTS,

       Plaintiff,

vs.

AETNA HEALTH INC.,

       Defendant.

_____/

## ORDER GRANTING AETNA'S MOTION TO DISMISS

Twice, this Court has disapproved of Plaintiff GVB MD *d/b/a* Miami Back's claim for declaratory relief regarding its rights and obligations under various Aetna insurance plans. Initially, the Court dismissed the claim because it did not seek any specific declarations as to any specific rights or obligations; rather, it improperly left the Court to infer the declarations sought.

After Miami Back amended its allegations, the Court granted Defendant Aetna Health Inc.'s motion to strike the amended complaint for failure to comply with stipulated protective orders. Although the Court did not explicitly dismiss the declaratory relief claim in that order, it briefly addressed Aetna's renewed arguments for dismissing the claim. The Court explained that Miami Back's opposition, totaling less than one page, failed to adequately respond to Aetna's arguments and failed entirely to address the prior dismissal ruling. The Court encouraged Miami Back to consider Aetna's arguments when amending its allegations and reminded Miami Back that it must seek declarations with some level of specificity to survive dismissal.

Miami Back's third attempt at stating a claim for declaratory relief fares no better; its allegations still lack specificity and still leave the Court to infer the declarations sought. Accordingly, the declaratory relief claims must be, and are, **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff Miami Back is an out-of-network medical provider that specializes in minimally invasive orthopedic spine surgery, and that treats patients with neck and back pain, degenerative disc disease, nerve compression, spinal cord compression, scoliosis, and spinal fractures.

In this case, Miami Back seeks reimbursement for medical procedures and treatments rendered to Defendant Aetna Health Inc.'s insured members and health insurance plan subscribers. The intake and admission process at Miami Back requires that Members execute a written assignment of benefits, which assigns to Miami Back the Members' rights to receive benefits under applicable Aetna insurance plans. According to Miami Back, spinal surgeries and other medical treatments were performed for Aetna's Members only after Aetna confirmed that the procedures were covered by applicable insurance plans. Aetna failed to reimburse Miami Back altogether, or in full, for the treatments provided to Aetna Members, and so Miami Back filed this lawsuit.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. *Id.* at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic

recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted). Finally, at the motion to dismiss stage, the Court must view the allegations in the complaint in the light most favorable to the plaintiffs and accept well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986).

### III. DISCUSSION

After amending its allegations a second time, Miami Back's latest Amended Complaint includes 10 claims: one ERISA claim (Count 1), and nine declaratory relief claims (Counts 2–10). Aetna answered the ERISA claim, and separately moves to dismiss the remaining declaratory relief claims. Miami Back insists that it finally states claims for declaratory relief. Beginning with a summary of the Court's rulings on Miami Back's previous two attempts at pleading declaratory relief, the Court will now resolve the dispute.

#### A. THE FIRST ATTEMPT

In the initial complaint, Miami Back alleged that "an actual, live controversy exist[ed] between [Miami Back] and [Aetna] concerning the parties' rights and responsibilities in connection with insurance claims submitted by [Miami Back] to [Aetna], and [that] such controversy [would] continue to exist unless declaratory relief [was] provided determining the parties' respective rights and obligations." (*See* D.E. 1-1 at 14, ¶ 78.) Miami Back then generally requested—because it was "in doubt of its rights to receive benefits for such services as a result of [Aetna's] actions," *id.* at 15, ¶ 81—that the Court "issue a declaratory judgment clarifying the parties' rights and obligations under [Aetna's] Plans, and grant such other relief as the Court deem[ed] proper" *id.* at 15.

The Court found that these allegations "request[ed] nothing more than a general declaration

of rights." *GVB MD v. Aetna Health Inc.*, No. 19-22357-CIV, 2019 WL 6130825, at *10 (S.D. Fla. Nov. 19, 2019). The Court explained that Miami Back did not "request any specific declarations as to any specific rights or obligations implicated by the 'actual, live controversy,'" and thus left the Court "to infer what declarations were sought." *Id.* at *11. The Court further explained that Miami Back sought a general, sweeping declaration of rights, but that as pleaded, the relief sought required a case-by-case assessment:

> The indefiniteness of Miami Back's request for a declaration of rights is underscored by Aetna's second and third arguments for dismissing this claim: that the Court cannot issue a general, sweeping declaration as to the medical necessity and reasonable pricing of both past and future services provided by Miami Back. For instance, as pleaded now, Miami Back asks the Court for a general declaration to resolve Miami Back's doubt as to its rights to receive benefits under numerous insurance plans, each of which likely has different terms and conditions of coverage, concerning services provided to different patients with different diagnoses. To account for these variations, a declaration of rights would require a case-by-case assessment.

*Id.* So, because Miami Back "fail[ed] to provide the Court with any guideposts for declaring the parties' rights," the declaratory relief claim was dismissed, but with leave to amend. *Id.*

### B. THE SECOND ATTEMPT

The allegations in the amended complaint were nearly identical to those in the initial complaint. There, Miami Back again alleged that "an actual, live controversy exist[ed] between [Miami Back] and [Aetna] concerning the parties' rights and responsibilities in connection with insurance claims submitted by [Miami Back] to [Aetna], and [that] such controversy [would] continue to exist unless declaratory relief [was] provided determining the parties' respective rights and obligations." (*See* D.E. 23 at ¶ 59.) Miami Back then, again, generally requested—because it was "in doubt of its rights to receive benefits for such services as a result of [Aetna's] actions," *id.* at ¶ 62—that the Court "issue a declaratory judgment clarifying the parties' rights and obligations under [Aetna's] ERISA Plans, enter an award in favor of [Miami Back] and against [Aetna] for

[Miami Back's] reasonable attorneys' fees in accordance with ERISA § 502(g), and grant such other relief as the Court deem[ed] proper" *id.* at 14.

Aetna moved to strike the amended complaint for failing to comply with stipulated protective orders, and alternatively moved to dismiss the declaratory relief claim again. Aetna argued that the declaratory relief claim continued to request a general, sweeping declaration of rights, and that fact-intensive determinations as to medical necessity and reasonable pricing were not appropriate for the "across the board" declaration requested by Miami Back. *See GVB MD v. Aetna Health Inc.*, 19-22357-CIV, 2020 WL 1692635, at *4 (S.D. Fla. Apr. 7, 2020).

Although the Court granted Aetna's motion to strike the amended complaint and gave Miami Back another opportunity to amend its allegations, the Court briefly addressed the arguments advanced by Aetna. The Court explained that Miami Back's opposition memorandum—which totaled less than one page—"fail[ed] to adequately respond to Aetna's arguments" and "fail[ed] entirely to address this Court's prior ruling"; the Court then encouraged Miami Back to consider Aetna's arguments when amending its allegations, and reminded Miami Back that "[t]o survive dismissal, the Complaint must at minimum seek declarations with some level of specificity." *Id.* (quoting *GVB MD*, 2019 WL 6130825, at *11).

### C. THE THIRD ATTEMPT

In the third iteration, the Amended Complaint divides the declaratory relief claim into 9 separate claims—one for each Aetna insurance plan identified in the complaint. Aside from the different insurance plans, each declaratory relief claim is identical.

Miami Back alleges that "[b]efore performing surgery and related services on Aetna's members, [Miami Back] request[ed] and obtain[ed] pre-authorization from [Aetna] for the procedures as medically necessary." (*See* D.E. 33 at ¶¶ 58, 65, 72, 79, 86, 93, 100, 107, 114.)

Miami Back again alleges that "an actual, live controversy exists between [Miami Back] and [Aetna] concerning the parties' rights and responsibilities in connection with insurance claims submitted by [Miami Back] to [Aetna] that have been pre-authorized by Aetna as medically necessary, and [that] such controversy will continue to exist unless declaratory relief is provided determining the parties' respective rights and obligations under" each respective Aetna insurance plan. *See id.* at ¶¶ 59, 66, 73, 80, 87, 94, 101, 108, 115.

Miami Back then alleges that it "has provided and continues to provide pre-authorized medically necessary spine surgery and related procedures to [Aetna's] insured members and health plan subscriber members covered under [each respective Aetna insurance plan], and believes it has a right to receive compensation from [Aetna] pursuant to the terms of [each Aetna insurance plan]." *See id.* at ¶¶ 60, 67, 74, 81, 88, 95, 102, 109, 116. Because of Aetna's actions, Miami Back alleges that it "is in doubt of its rights to receive benefits for such pre-authorized medically necessary services provided to members covered by [each respective Aetna insurance] Plan that are not included in this litigation," and that Miami Back "is in doubt as to whether [Aetna] is entitled to violate applicable ERISA laws and regulations." *See id.* at ¶¶ 62–63, 69–70, 76–77, 83–84, 90–91, 97–98, 104–05, 111–12, 118–19.

Under these allegations, Miami Back again asks the Court to "issue a declaratory judgment clarifying the parties' rights and obligations under [each respective Aetna insurance plan], enter an award in favor of [Miami Back] and against [Aetna] for [Miami Back's] reasonable attorneys' fees in accordance with ERISA § 502(g), and grant such other relief as the Court deems proper." *See id.* at 10, 12–13, 15–17, 19–22.

Here, the Court finds that Miami Back's third attempt at stating a claim for declaratory relief fares no better than the previous two attempts. First, Miami Back's requests are not

substantively different than those dismissed in the initial complaint.  (*Compare id.*, with D.E. 1-1 at 15, ¶ 81 ("[Miami Back] is in doubt of its rights to receive benefits for such services as a result of [Aetna's] actions.  WHEREFORE, [Miami Back] . . . respectfully requests that this Honorable Court issue a declaratory judgment clarifying the parties' rights and obligations under [each respective Aetna insurance] Plan[], and grant such other relief as the Court deems proper.").)

Second, as in the initial complaint, the declaratory relief claim here requests nothing more than a general declaration of rights.  For instance, Miami Back asks the Court to issue a declaratory judgment clarifying the parties' rights and obligations under certain Aetna insurance plans because Miami Back "has provided and continues to provide pre-authorized medically necessary spine surgery and related procedures to [Aetna's] insured members and health plan subscriber members covered under [each respective Aetna insurance plan], and believes it has a right to receive compensation from [Aetna] pursuant to the terms of [each Aetna insurance plan]." *See id.* at ¶¶ 60, 67, 74, 81, 88, 95, 102, 109, 116.

But as explained before, Miami Back provides no guideposts for the relief that it seeks: the requested declarations are not limited by a particular procedure or treatment, by a particular diagnosis, or by a determination that a particular procedure or treatment was medically necessary for a particular diagnosis; nor is the requested declaration limited by the reasonableness of pricing. In other words, Miami Back asks the Court to clarify the parties' rights and obligations as to the reasonable pricing and medical necessity (regardless of diagnosis) of any procedures or treatments rendered to Aetna Members under each respective Aetna insurance plan.  A general, sweeping request for declaratory relief, such as this, fails to state a claim. *See Bencomo Enters. v. United Specialty Ins. Co.*, 345 F. Supp. 3d 1401, 1406 (S.D. Fla. 2018) (dismissing declaratory relief claim where plaintiff asked the court to declare that it was "entitled to the coverage and the rights

afforded under the Policy, and that Defendant has an obligation to provide coverage for the Claim" and that "Defendant shall specifically perform under the Policy, and acknowledge coverage under the Policy for the Claim," and asked the court to "[e]nforce the terms, conditions, rights or obligations under the Policy") (citing *Great Am. Ins. Co. v. Pino Kaoba & Assocs., Inc.*, No. 08-20847-CIV, 2008 WL 11333253, at *2 (S.D. Fla. Dec. 8, 2008) (dismissing declaratory relief claim because it was "unclear" and amounted to a "request for a declaration as to the rights of [the] parties [which] [was] overly general and [did] not indicate precisely what rights it pertain[ed] to . . . .")); *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1285–86 (S.D. Fla. 2007) (dismissing declaratory relief claim requesting "across-the-board" relief because "the fact finder must, on a case by case basis, construe the term 'reasonable' and determine whether or not the insurer's evaluation of the bills submitted fits the definition") (citing *State Farm Mut. Auto. Ins. Co. v. Sestile*, 821 So. 2d 1244, 1245–16 (Fla. 2d DCA 2002) ("The fact-finder must construe the word 'reasonable' and determine whether the insurance company's evaluation of medical bills fits the definition on a case-by-case basis.")).

Finally—in addition to the lack of other guideposts—as pleaded, the declaratory relief claim here also seeks a clarification of the parties' rights and obligations concerning unknown procedures or treatments rendered in the future to Aetna Members who are *not* involved in this case. (*See* D.E. 33 at ¶¶ 62, 69, 76, 83, 90, 97, 104, 111, 118 (asking for clarification of Miami Back's "rights to receive benefits for . . . pre-authorized medically necessary services provided *to members* covered by [each respective Aetna insurance plan] *that are not included in this litigation*.") (emphasis added).) This request fails not only because it lacks guideposts, but furthermore, it does not implicate an actual controversy. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) ("The remote possibility that a future injury may happen is not sufficient to

satisfy the 'actual controversy' requirement for declaratory judgments.") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).

In short, a case-by-case assessment is required to account for all the variations implicated by Miami Back's request for a general declaration of rights. And as pleaded, Miami Back's amended allegations still fail to remedy the original, fatal flaw: that it is leaving the Court to infer what declarations are sought. *See GVB MD*, 2019 WL 6130825, at *11; *see also Bencomo Enters.*, 345 F. Supp. 3d at 1406 ("While the Court could infer Plaintiff wants the Court to determine the outstanding coverage and causation issues between the parties through its claim for declaratory relief, such is not the claim that appears and the Court will not do Plaintiff's job for it.") (citing *Helman v. Udren Law Offices, P.C.*, No. 0:14-CV-60808, 2015 WL 1565335, at *5 (S.D. Fla. Apr. 8, 2015)).

### D. **WITH PREJUDICE**

Finally, the Court will not grant Miami Back another attempt to state a declaratory relief claim. The Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016). Nor has the Eleventh Circuit "concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Id.*

Here, despite the benefit of two previous rulings by the Court, Miami Back's third attempt at pleading declaratory relief still falls short. Accordingly, Counts 2–10 are **DISMISSED WITH PREJUDICE**. *See id.*; *see also Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1361 (S.D. Fla. 2013) (dismissing claim with prejudice after plaintiff's third attempt failed).

This case will proceed to summary judgment on Miami Back's ERISA claim. To this end,

Miami Back continues to seek reimbursement from Aetna for the procedures and treatments that Miami Back rendered to Aetna Members.

## **CONCLUSION**

For all these reasons, it is

**ADJUDGED** that Aetna's Motion to Dismiss With Prejudice Counts 2 Through 10 **(D.E. 34)** is **GRANTED**. Consequently, the declaratory relief claims in Counts 2 through 10 are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of June 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record